**607**

Thomas F. CARTER, D/B/A Carter Engineering Company, Appellant,

v.

W. F. DEAN, Appellee.

No. 6783.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 27, 1958.

Shields, Jones & Whittington, Dallas, for appellant.

Clyde Elliott, Jr., Canton, for appellee.

NORTHCUTT, Justice.

On August 18, 1954, appellant, Thomas F. Carter d/b/a Carter Engineering Company, employed appellee, Wilfred Dean, for a period of one year as a traveling maintenance engineer. This agreement of employment was in writing. The agreement provided that appellee was to serve and have as his exclusive territory certain portions of the State of Texas known as East Texas. Paragraphs five and six of the written agreement were as follows:

"5. The Engineer covenants that he will not in the State of Texas within three (3) years from the termination of his employment, travel, convass, advertise for, or otherwise assist anyone engaged in, or himself engage, directly or indirectly, in any line of business carried on or contemplated at the time of the termination of his employment by the Company, or furnish information, directly or indirectly, to anyone engaged or interested in such line of business. The Engineer further covenants not to communicate during the continuance of this Contract, or at any time subsequent thereto, any information relating to the secrets of selling, maintenance, or operation of the business except as requested in writing by an officer of the Company. In case of violation of this covenant, the Engineer agrees to pay the Company the sum of One Thousand Dollars ($1,000.00) as liquidated damage, but such payment is not to release

the Engineer from the obligations undertaken hereby or from liability for further breach hereof.

"6. Either party may at any time terminate this agreement by giving to the other thirty (30) days notice in writing, and the Company may, in the event of any breach by the Engineer of this agreement, terminate the same without notice."

Appellee continued to work for appellant until August 4, 1956, at which time, by mutual agreement, such employment was terminated; but appellee continued to follow the line of work the parties were engaged in and contemplated under the terms of the written contract.

Appellant brought this action to enjoin appellee from engaging in, directly or indirectly, the selling, servicing or maintaining of items of radio and communication equipment and also for damages. The case was tried to the court without a jury, and all relief was denied the appellant. The trial court found that the parties had mutually agreed to the cancellation of the contract and consequently appellant had no right to recovery under the terms of the contract.

■ Although appellant presents this appeal upon three separate points of error, the only question involved is whether or not the parties mutually agreed to the cancellation of the contract. The appellant contended all that was done was that the employment of appellee was terminated. There is no other contract involved and the breach upon which appellant seeks to recover is a breach of the terms of paragraphs five and six above set out. Surely, if two persons are competent to make and enter into a certain contract, those same persons can agree to cancel that agreement when there is no other person involved. Appellee had continued to work for appellant several months after the one-year period covered by the contract.

■ Until the time of the termination of appellee's employment, there was no dispute as to appellee not complying with the terms of the contract. It was mutually agreed that the contract was not profitable and they mutually agreed to its cancellation, and we do not think there is anything to indicate a different intention. At least the trial court must have so found.

■ There is no contention in this case that there were any breaches of this contract prior to the time of its cancellation. Then, if the contract was mutually cancelled, neither of the parties thereafter had any rights under the contract. Garrett v. Danner, Tex.Civ.App., 146 S.W. 678; Alabama Oil & Pipe Line Co. v. Sun Co., 99 Tex. 606, 92 S.W. 253. Judgment of the trial court affirmed.